UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 11-CV-21585-PCH

FRANCISCO BELTRAN,
    Plaintiff,

v.

LINDA SWACINA, DISTRICT
DIRECTOR, USCIS, MIAMI, et. al.,
    Defendants.
_____/



## AMENDED AND RESTATED ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court on the Defendants' Linda Swacina's, District Director; USCIS Miami's; Eric H. Holder's, Attorney General of the United States; Janet Napolitano's, Secretary of the Department of Homeland Security  Motion to Dismiss For Lack Of Subject Matter Jurisdiction And For Failure to State A Claim Upon Which Relief Can Be Granted. (D.E. #20) filed on November 30, 2011.  The matter is fully briefed and ripe for resolution.  Plaintiff, Francisco Beltran, a Cuban national paroled under section 212 (d)(5) of the Immigration Nationality Act, requests mandamus and injunctive relief with regard to his application for Adjustment of Status under section 209 of the Immigration and Nationality Act and to his removal proceedings.  In those removal proceedings, the immigration judge has scheduled a further hearing on March 8, 2012 to discuss what other forms of relief Plaintiff may elect to pursue in the pending removal proceedings.  In their Motion, Defendants raise several grounds for dismissal.  Primary among them is that Plaintiff Francisco Beltran's claim is not ripe for this Court because he has not exhausted the administrative remedies available to him in his pending immigration removal proceedings.

Defendants enumerates the potential availability of:

> at least three separate forms of relief under the INA before the Immigration Judge, namely, asylum under § 208, 8 U.S.C. § 1158 . . . (previously referred to but not acted upon by the immigration judge), withholding of removal under section 241(b)(3), 8 U.S.C. § 1231(b)(3) and for protection under the United Nation's Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). If plaintiff is successful in disputing before the immigration judge the current allegation that he is an arriving alien, plaintiff may still have other possible forms of relief, including adjustment of status, that he could pursue before the immigration court.

(Defendants' Memorandum in Support at 4).

Plaintiff does not dispute that these remedies are potentially available to him. It is noteworthy that in his opposition to the Motion, Plaintiff does not argue to the contrary. Thus, it appears that Plaintiff concedes, at least implicitly, that he has not exhausted his administrative remedies. In fact, based on the record Plaintiff still has administrative remedies available but which he has not yet pursued. Because a Court's authority[1] to review an alien's removal order is limited those cases where the alien has exhausted all available administrative remedies, Plaintiff's claim here is not ripe and must be dismissed without prejudice. See *Avila v. U.S. Attorney General*, 560 F.3d 1281, 1285 (11th Cir. 2009).

Apparently, Plaintiff attempts to evade the exhaustion requirement (and this Court's jurisdictional limitations under 8 U.S.C. § 1252(a)(5) ) by contending that this Court has mandamus jurisdiction under 28 U.S.C. § 1361. In so contending, Plaintiff relies on *Lifestar Ambulance Service, Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004), quoting from that decision,

---

[1] There is a real question whether this Court, as opposed to the Circuit Court, has jurisdiction to even consider the Plaintiff's complaint. See 8 U.S.C. § 1252(a)(5). However, the Court need not resolve this issue here because Plaintiff's claim is not ripe for resolution. Likewise the Court need not resolve the several other grounds for dismissal raised in the Motion.

"'Mandamus jurisdiction arises only in cases where '(1) the defendant owes a non-discretionary duty to the plaintiff and (2) plaintiff has exhausted all other avenues of relief.'" (Plaintiff's Response Memorandum at 2). Thus, Plaintiff concedes that exhaustion is required. Again, because Plaintiff has not exhausted all of his other avenues of relief, he is not entitled to mandamus relief."

Accordingly, the Defendant's Motion is granted and this case is dismissed without prejudice.

DONE AND ORDERED in chambers in Miami, Florida this 3rd day of January, 2012.

_____
PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

cc: All counsel of record